## No. 6156.

### CLAY COUNTY LAND AND CATTLE CO. *v.* P. J. EARLE.

1. ACTUAL SETTLER UPON COUNTY SCHOOL LAND. — The settler upon county school land is secured in the right to purchase the land occupied by him not to exceed one hundred and sixty acres. His occupancy operates as notice of his claim against purchasers from the county. To defend against such claim the settler must complete his purchase by complying with the terms of sale fixed by the commissioners court of the county owning the land.

APPEAL from Clay. Tried below before the Hon. B. F. Williams.

This case and the preceding are appeals by the same plaintiff against separate judgments rendered in favor of the defendants upon the separate trials after severance by the defendants.

The plaintiff's case is the same in both cases.

The opinion sufficiently shows the other facts.

*Plemmons, Hazelwood & Templeton,* for appellant.

*Swan & Bomar,* for appellee.

WALKER, ASSOCIATE JUSTICE. The opinion of this court in the appeal v. Wood, decided October 16, of the present term, disposes of the material questions here raised. The suit was

originally brought by appellant against Earle, Wood and others in trespass to try title. Defendants were allowed to sever; separate trials were had and separate appeals resulted. The judgments were for the defendants on each trial and appeals by the plaintiff.

Earle, as an actual settler upon the public school land of Angelina county, had the right to purchase one hundred and sixty acres, including his improvements, at the price fixed by the county commissioners court for the block eighty-three which covered his improvements. It seems that in the latter part of the year 1881 he tendered the first payment upon the purchase. The purchase was not closed between him and the county judge, who was the authorized agent of the county, because of a controversy as to the quantity of land in the block eighty-three; Earle insisting that it contained one hundred and forty-seven acres, Harrington, the county judge, guided by his map, claimed that one hundred and seventy-four acres were in it. The law did not require Earle to pay for more land than he obtained. Being willing to take the block at its area, one hundred and forty-seven acres, he should have had it at the price fixed per acre.

But this tender and the refusal did not give Earle the land. He had the right to purchase it, and when he shall do so his title will be perfected. To defend himself against the suit of the plaintiff he should have renewed his tender, as well of the first instalment as of the amount, principal and interest, of each annual payment due at the trial, according to the terms of sale prescribed by the county court. Harrington, the county judge, could not, as agent to sell, alter the terms of sale fixed by the court and under which he was acting.

The terms of sale so fixed, August 12, 1878, were "on nine years time, in ten equal payments, the first to be made at the time of sale, which shall be one-tenth of the whole amount, the balance to draw ten per cent per annum interest till paid, which interest shall be paid annually with the yearly payment of one-tenth of the amount of the purchase money," etc. The payments not then due should be secured as required under the said order of the county court.

The residence of Earle upon the land was notice of his claim as a settler at the time of the sale of the land by the county to Eakman & Davidson, under whom the plaintiff claims. His right to purchase the one hundred and forty-seven acre block has not been lost, and he can still acquire it by offering to pro-

ceed, and in fact proceeding, with his purchase by payment of the amount accrued and securing that which is not yet due, taking count from his tender to Harrington in the latter part of the year 1881. Upon so doing his defense will be good against the plaintiff. Unless he elect to do so, judgment should go against him, for the plaintiff exhibits a good title, save his right to purchase.

Angelina county should be made a party to the suit, so that Earle may have title unincumbered from other purchasers, and that plaintiff may have an abatement in the purchase money.

The judgment is reversed.

*Reversed and remanded.*

Opinion delivered November 13, 1888.